IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HERSHEL LEE ROBINSON                                                    PLAINTIFF

v.                                    No. 5:12-cv-383-DPM

MINE SAFETY APPLIANCES
COMPANY, *et al.*                                                      DEFENDANTS

## ORDER

1. Robinson says that Empire Abrasive Equipment Company L.P. is liable as successor-in-interest to Empire Abrasive Equipment Corporation. № *1 at 8-9*. Empire L.P. moves for judgment on the pleadings, № *153*, saying that Robinson has not alleged enough facts to support his claim. Alternatively, Empire L.P. asks the Court to order Robinson to amend his complaint and provide specific facts tying the companies together. *Ibid.* Robinson has not responded.

The motion is granted in part and denied in part. The successor-liability claim, though thin, is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The similarity in the two companies' names, their Pennsylvania locations, and their alleged participation in the personal-respiratory-equipment business push the claim beyond mere speculation. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). But to survive against the Empire entities, the complaint

needs to be amended to provide more specifics about them and the claims against them.

**2.** The complaint also needs more particulars and specificity across the board. The defendants vary in how they allegedly harmed Robinson — some designed and sold supposedly defective products, some supposedly exposed Robinson to silica sand they produced, others purportedly conspired or acted in concert against him. But Robinson lumps them all together under the label "defendants" in all claims. And the facts alleged against each defendant are threadbare. The parties and the Court need to know exactly who allegedly did exactly what.

To get the case on track, the Court will hold a status conference in Little Rock on 16 July 2013 at 1:30 p.m. in Room B155 of the Richard Sheppard Arnold Courthouse. Counsel for all parties must attend. We'll discuss the particulars of amending Robinson's complaint and hear argument on Clark Sand's pending motion for summary judgment.

**3.** Robinson's response to Clark Sand's statement of undisputed material facts, № *167*, is stricken for noncompliance with the Court's

scheduling Order, № 155. Robinson must file a conforming statement. Clark Sand also needs to reply.

\* \* \*

Motion, № 153, denied as to judgment, granted as to the needed amendment. Amended complaint due by 15 August 2013. Robinson should wait until after the status conference before amending. Robinson's conforming statement is due by June 14th. Clark Sand's reply is due by June 21st.

    So Ordered.

                                              */s/ D.P. Marshall Jr.*
                                              D.P. Marshall Jr.
                                              United States District Judge

                                              6 June 2013