IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HERSHEL LEE ROBINSON                                    PLAINTIFF

v.                            No. 5:12-cv-383-DPM

MINE SAFETY APPLIANCES CO.;
PANGBORN CORP.; PRECISION
PACKAGING INC.; E.D. BULLARD CO.;
and CLEMCO INDUSTRIES INC.                             DEFENDANTS

## ORDER

1. Hershel Robinson worked as a painter and blaster for more than forty
years. When Robinson filed this case in October 2012, two of his doctors had
known for more than five years that he had silicosis related to sandblasting,
as well as COPD. The fighting question is when Robinson knew, or with
reasonable diligence should have known, about his conditions and what
probably caused them. *Martin v. Arthur*, 339 Ark. 149, 158–59, 3 S.W.3d 684,
689–90 (1999); *I.C. Corp. v. Hoover Treated Wood Products, Inc.*, 2011 Ark. App.
589, *4, 385 S.W.3d 880, 883 (2011). For his product-liability claims to be
timely, Robinson's discovery of his conditions and their likely causes must
have happened after October 2009—sometime in the three years before this
lawsuit. ARK. CODE ANN. § 16-116-103.

**2.** Robinson doesn't remember when he was diagnosed, so he defers to his medical records. № 303-2 at 2. Those records say that at a March 2007 appointment, Dr. Ridgeway, a pulmonary specialist, diagnosed Robinson with silicosis and COPD. He also found that Robinson was at risk for lung cancer. № 368-1 at 17. Here's what Dr. Ridgeway wrote in the impression sections of his notes: "Mr. Robinson is a very pleasant gentleman with chronic obstructive pulmonary disease and silicosis related to sandblasting." № 303-5 at 3. This diagnosis was based on a CT scan. № 303-3 at 3–4. As Dr. Ridgeway confirmed, a doctor's impression is his or her diagnosis. № 368-1 at 13; see also Dillard's Inc. v. Johnson, 2010 Ark. App. 138 at *5, 374 S.W.3d 92, 96 (2010). Dr. Ridgeway forwarded his notes to Robinson's treating physician, Dr. Ragland, № 303-5 at 3. Dr. Ridgeway again referred to the silicosis and COPD diagnoses in his notes about a 16 July 2007 follow-up appointment: "Mr. Robinson returns today to follow up with his silicosis and COPD." № 303-6.

There's some daylight between these medical records and Robinson's recollection of the March 2007 appointment. He remembers Dr. Ridgeway saying "that [he] had bronchitis and that was it." № 348-2 at 51. The records,

2

though, are silent about bronchitis. Some of Robinson's memories about other doctors and past treatment are fuzzy too. № 348-2 at 50–51. Dr. Ridgeway doesn't remember what was said either; the March 2007 appointment was a long time ago, and he has many patients with similar problems. But Dr. Ridgeway acknowledges that, at least on paper, he made the diagnoses, and that his standard practice is to discuss his diagnoses with his patients. № 368-1 at 17. Dr. Ridgeway made other recommendations too — he told Robinson to use his OSHA-approved mask, use his inhaler, and stop smoking. Robinson followed all these recommendations. № 303-6. After seeing Dr. Ridgeway in July 2007, Robinson made return visits to him every six months, and then more frequently. № 348-2 at 52.

In arguing for a trial, Robinson leans hard on part of an affidavit from Dr. Ridgeway. "Since Mr. Robinson did not have any findings on his radiographs consistent with a malignancy it would not be uncommon for me not to tell Mr. Robinson about his silicosis since this is an incurable disease." № 348-4. Dr. Ridgeway explained his hedge in his 2 April 2014 deposition: he would have focused his conversations with Robinson on his treatable condition (COPD), rather than his untreatable one (silicosis). № 368-1 at 12.

3

And because Dr. Ridgeway's memory is cloudy on the particulars, he cannot rule out the possibility that he failed to discuss the silicosis diagnosis.

**3.** Considering the evidence in the light most favorable to Robinson, and taking all reasonable inferences in his favor, *Hallgren v. United States Dept. of Energy*, 331 F.3d 588, 589 (8th Cir. 2003), all Robinson's claims are time barred.  No juror could reasonably conclude that Robinson first found out about his conditions after October 2009.  The diagnoses were in his medical records.  Assume that neither Dr. Ragland nor Dr. Ridgeway mentioned the silicosis and COPD diagnoses, or even Robinson's heightened cancer risk, between early 2007 and late 2009—a broad assumption that Dr. Ridgeway acknowledged on deposition was unlikely and probably unethical.  № *368-1 at 18–19*.  Even so, with reasonable diligence, Robinson should have discovered his conditions before October 2009.

No later than March 2007, Robinson knew many things: he knew about the health dangers of silica sand, № *303-1 at 5*; he knew about his decades-long exposure to silica and of the need to protect himself against it; he knew he had an abnormal mass in his lungs, № *303-3*; and he knew he was seeing a pulmonary specialist (Dr. Ridgeway) at least twice a year.  Alongside his

4

doctors' awareness, all this adds up to a more than sufficient opportunity for Robinson to discover what was wrong with him, and what had probably caused his silicosis. *Stewart v. Phillip Morris, Inc.*, 205 F.3d 1054, 1056 (8th Cir. 2000)(*per curiam*). Dr. Ridgeway's affidavit is simply not enough to create a genuine issue of material fact. At the minimum, Robinson's claim accrued before October 2009 because he should have known before then about his silicosis and its roots in his work. Because Robinson waited more than three years after either learning about his blasting-related illnesses, or after he could have discovered them with reasonable diligence, all his claims are untimely.

\* \* \*

The belated revelation of Dr. Ridgeway's key records, and the tardy disclosure of his hedging affidavit, are troubling. The related motion for sanctions, № 369, is denied without prejudice, though, as moot. The motions for summary judgment, № 303, 309, & 313, are granted. Mine Safety Appliances Company, Pangborn Corporation, Precision Packaging Inc., E.D. Bullard Company, and Clemco Industries Inc. are entitled to judgment as a matter of law.

5

So Ordered.

_NPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

_28 July 2014_

6